CASE 52—PETITION EQUITY—SEPTEMBER 22.

# Adkinson v. Randle.

### APPEAL FROM MERCER CIRCUIT COURT.

JUDICIAL SALES—ONE CAN NOT ACT AS ATTORNEY AND COMMISSIONER IN SAME CASE. — The statute which makes it "unlawful for any master commissioner of any court of this Commonwealth to act as such commissioner in any case in which he is or shall become interested as attorney or otherwise," applies as well to a special commissioner as to the regular commissioner. And where the attorney who has prosecuted the suit to judgment acts as a special commissioner in selling the property, and the property sells for less than its value, the court will set aside the sale upon exceptions by the defendant, although the attorney may have renounced his employment as attorney after he was appointed commissioner. If, however, the purchaser alone were com-plaining, the court would compel him to take the property.

BELL & BELL FOR APPELLANT.

1. It was error to overrule demurrer on ground of defect of parties. As the notes sued on are assigned in blank and the blank is not filled, the legal title is still in the assignor.

Adkinson v. Randle.

2. The unreleased lien upon the land clouded appellant's title and pre-
sented a perfect defense to the collection of the notes until it was re-
leased.

3. The third paragraph of the answer was good as counter-claim and de-
murrer ought not to have been sustained.   (Murphy v. Hubble, 2
Duv., 247.)

4. Exceptions to the report of sale upon the ground that plaintiff's attor-
ney was appointed as commissioner to make the sale and acted as such
in advertising the sale should have been sustained.   (Act January 12,
1878, Gen. Stats., p. 942.)

5. The newspaper clipping posted up at the court house door and in the
vicinity of the land was not sufficiently conspicuous to satisfy the re-
quirements of the judgment or the law as to such notices.   (Acts 1869,
1870, vol. 2, p. 618.)

J. F. VANARSDALL FOR APPELLEE.

1. As there is no allegation that the alleged agreement, to have the lien
upon the land released, was omitted from the deed by fraud or mistake
it constitutes no defense.

2. As the commissioner severed his connection with the case as attorney
before he did any act as commissioner there was no violation of the
statute.

3. In the absence of any law directing the size of notices of sales, that is a
matter in the discretion of the commissioner.

   Cases cited:   Morrison v. Beckwith, 4 Mon., 75;  Luckett v. Trip-
lett, 2 B. M., 40;  Vance v. House, 5 B. M., 540;  Simpson v. Hawkins,
1 Dana, 305;  Hall v. Priest, 6 Bush, 13;  Stump v. Martin, 9 Bush,
289.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

While the defense interposed to prevent a judgment
must be regarded as purely technical, in our opinion the
sale should have been set aside.   The commissioner
making the sale was the attorney for the plaintiff, and as
such obtained the judgment under which the sale was
made.   By an act of the Legislature, approved January
12, 1878, it is made "unlawful for any master commis-
sioner of any court of the Commonwealth to act as such
counsel in any case in which he is or shall become inter-
ested as attorney or otherwise."   (General Statutes, chap.
75, p. 942.)

Adkinson v. Randle.

While the attorney for the plaintiff in this case may not have been the master commissioner of the court, still he was made the commissioner in this particular case, and the special meaning of the statute must necessarily be held to embrace both the regular and special commissioners. The enactment was intended to prevent those who are the partisans of one of the litigants, by reason of being an attorney or otherwise pecuniarily interested, from taking charge of the case after judgment or before, where he necessarily, for the time being, is not under the control of the court, but must act on his own judgment. He is presumed to be looking more to the interest of his client than that of his adversary, and, therefore, this enactment prohibiting him from acting as commissioner. We do not adjudge such a sale void, because if the purchaser alone were seeking to avoid the purchase we would compel him to abide by the sale; but where the vendee of the land, by proof on his exceptions, shows that the land has sold for less than its value and that the sale was made by the attorney prosecuting the case to a judgment, this court will set the sale aside.

There has been no improper conduct shown on the part of the attorney who acted as commissioner, but on the contrary he acted in good faith; still there is testimony showing the land sold for less than its real value, and having been sold by the attorney as commissioner this court, however properly the attorney may have acted, will set the sale aside.

It is said that after the attorney discovered he was made commissioner by the judgment he renounced his employment as attorney and proceeded to act from that time on as commissioner only. This does not cure the

evil intended to be remedied by the statute, for if one can act as attorney until he is appointed commissioner and then take charge of the case as commissioner, the very purpose of the statute would be defeated; and while there is not the least blame of unfair dealing with the defendant by the attorney for the plaintiff, the statute must be regarded; and the only serious question in the case is, whether or not the mere fact of the sale by the attorney is not sufficient to invalidate it on the motion of the debtor, although no injury has resulted from it.

Judgment reversed with directions to set the sale aside and order a re-sale of the land.